UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------

| | : | |
|---|---|---|
| EMMA CAMPBELL, and | : | CASE NO. 5:07-CV-579 |
| TONYA GRAVES | : | |
| | : | JUDGE JAMES S. GWIN |
| | : | |
| Plaintiffs, | : | ORDER & OPINION |
| | : | [Resolving Doc. 246, 293] |
| vs. | : | |
| | : | |
| TRIAD FINANCIAL CORP., | : | |
| BROMBACKER & WILLIAMS | : | |
| ASSOCIATES, INC., and | : | |
| ASHLEY SHELL | : | |
| | : | |
| Defendants. | : | |
| | : | |

-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 30, 2007, Plaintiffs moved for an order for a default judgment on their claim of invasion of privacy, pursuant to FED. R. CIV. PRO. 37(b)(2)(c) or in the alternative for an instruction on the spoilation of evidence, under *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993). [Doc. 246]. On November 9, 2007, Plaintiffs filed a motion for a continuance because of the discovery issues. [Doc. 293]. For the reasons stated below, the Court **DENIES** the Plaintiffs' motions.

An entry of default judgment is "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The Court considers "whether the dismissed party was warned that failure to cooperate could lead to dismissal

Case No. 5:07-cv-579
Gwin, J.

[or default], and whether less drastic sanctions were imposed or considered before dismissal [or default] was ordered." *Id.* In this case, Plaintiffs' attorney has not filed a motion to compel, and so an entry of default judgment is inappropriate. *See Sokos v. Hilton Hotels Corp.*, 283 F.Supp.2d 42, 55 (D.D.C. 2003). Further, there is no showing of bad faith on Defendant Triad's part.

*Howard Johnson* set forth the elements for a claim of intentional spoliation of evidence. One of these elements is the willful destruction of evidence by the defendant designed to disrupt the plaintiff's case. *Howard Johnson*, 67 Ohio St.3d at 29. In this case, Defendant Triad has either supplied or has made all reasonable efforts to try to supply the electronic information requested. Specifically, Defendants provided all internal electronic information in the form the information was normally kept. When Plaintiffs complained that they could not use the the information sought, Defendants sought to obtain similar information from its two telecommunication providers, Verizon and AT & T. Apparently, the Plaintiff made no effort to subpoena records from Verizon or AT & T. Although slow, Verizon ultimately produced the requested records and, at the final pre-trial, Plaintiff both had these records and had been able to fully prepare to use them in the trial of this case. Regarding the AT & T records, the Defendant Trial never had discs with records of calls made over the AT & T lines. Triad also forward to plaintiffs the AT&T/SBC link to Triad's telephone records which was supplied to it by the telephone carrier.

Nothing suggests that Defendants failed to provide any evidence under its control. Nothing suggests that Defendants destroyed any evidence, let alone willfully destroyed records. The motion for default judgment utterly fails.

Regarding Plaintiff's motion to continue the trial, the Court finds no merit to the motion.

Case No. 5:07-cv-579
Gwin, J.

On May 31, 2007, the Court set the trial on this case for November 5, 2007. [Doc. 45]. The Plaintiff later asked to continue the trial of this case and the Court continued the trial to a mutually agreed date of November 14, 2007.

This matter involves a relatively simple matter. Plaintiff Emma Campbell and her adult daughter, Tanya Graves, sue both Defendants for alleged invasion of privacy and sue Defendant Brombacker & Williams Associates, Inc. and Ashley Shell for defamation. Defendant Triad Financial Corporation counterclaims against both for breach of contract arising from the Defendants alleged default on a note signed by Defendants and associated with a purchase of a 2005 Chevrolet Malibu on June 29, 2006.

Plaintiff Graves signed a note that obligated her to make monthly payments on the note secured by the Malibu. The note also gave Triad a right to repossess the car if Graves defaulted. After some early late payments, Graves completely defaulted on the note and Triad tried to repossess the vehicle. Regarding the Plaintiffs' invasion of privacy claims, the Plaintiffs say after telling the Defendants that they only wanted to be contacted through the mail, the Defendants continued calling them to either seek payments on the account or the return of the collateral vehicle. As to the defamation claim, the Plaintiffs say that in phone calls to others, Defendants Brombacker & Williams and Shell implied that Graves had criminally converted the collateral vehicle. Defendants Brombacker & Williams and Shell acknowledge calling plaintiffs but say that Plaintiff Graves refused to tell where the car was. To the Court's understanding, neither Plaintiff suffered any medical expenses, little if any wage loss and scant special damages. In summary, the case involves claims that Defendants made harassing phone calls, including calls implying that Plaintiff Graves had converted the collateral vehicle and defenses that the calls resulted because Graves refused to

Case No. 5:07-cv-579
Gwin, J.

disclose where the vehicle was.

Given the relative simplicity of this case, especially when compared with typical cases on this Court's docket, more than sufficient time has been given to prepare this case. The Court therefore denies the motion to continue.

In conclusion, the Court hereby **DENIES** in part Plaintiffs' Motion for a default judgment or an instruction on the spoilation of evidence, and **DENIES** Plaintiffs' Motion for a continuance.

IT IS SO ORDERED.


Dated: November 12, 2007              s/    *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE