UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
EMMA CAMPBELL, and                            :        CASE NO. 5:07-CV-579
TONYA GRAVES                                  :
                                              :        JUDGE JAMES S. GWIN
                                              :
        Plaintiffs,                           :        ORDER & OPINION
                                              :        [Resolving Doc. 204]
vs.                                           :
                                              :
TRIAD FINANCIAL CORP.,                        :
BROMBACKER & WILLIAMS                         :
ASSOCIATES, INC., and                         :
ASHLEY SHELL                                  :
                                              :
        Defendants.                           :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 23, 2007, the Defendants Brombacker & Williams and Shell moved for attorney's fees, pursuant to 28 U.S.C. § 1988 as the prevailing parties in the Plaintiffs' §1981 claim, and also moved for attorney's fees incurred in defending against the Plaintiffs' claim of discriminatory practices in credit transactions, O.R.C. § 4112.021. [Doc. 204]. For the reasons stated below, the Court **DENIES** the Defendants' motion.

**I. Background**

On October 9, 2007, the Court granted in part Defendants' motions for summary judgment. [Doc. 178]. The Court found Defendants Brombacker & Williams and Shell neither treated the Plaintiffs differently than similarly situated individuals outside the protected class nor did they treat

Case No. 5:07-cv-579
Gwin, J.

the Plaintiffs in a markedly hostile manner.  As such, the Plaintiffs could not make out a §1981 claim.  See *Christian v. Wal-Mart Stores, Inc.,* 252 F.3d 862 (6th Cir. 2001).

The Court also granted summary judgment to the Defendants Brombacker & Williams and Shell on the Plaintiffs' claim alleging unlawful discriminatory practices in credit transactions, pursuant to O.R.C. § 4112.021.  In giving judgment on this claim, the Court found the Plaintiffs failed to allege that the Defendants were creditors or reporting agencies within the meaning of the statute. As such, the Defendants were entitled to summary judgment on this claim.

## II. Standard of Review

A. § 1981 Claim

Ordinarily, courts do not award attorney fees to the prevailing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975).  There are certain statutes, however, that provide for the award of attorney fees to the prevailing party.  For instance, a prevailing party in civil rights action pursuant to 42 U.S.C. §§ 1981 is entitled to attorney fees as part of costs at the discretion of the trial court. 42 U.S.C. § 1988(b).

An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.  *Riddle v. Egensperger,* 266 F.3d 542, 547 (6th Cir. 2001).  A district court may in its discretion award attorney fees to a prevailing defendant if it finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even if not brought in subjective bad faith. *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir.1994).  A plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so. *Id.*

Case No. 5:07-cv-579
Gwin, J.

B. O.R.C. §4112.021 Claim

Under Ohio law, the Court has inherent authority to award attorney fees absent a statute or rule if the court determines that the party ordered to pay has acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." *See Thomas v. Cincinnati*, No. C-050643, 2006 Ohio App. LEXIS 3543, (Ohio Ct. App. July 14, 2006) *citing Sorin v. Bd. Of Edn. Of Warrensville Hts. Sch. Dist.*, 46 Ohio St. 2d 177, 181 (1976).

### III. Analysis

The Court does not find this was a "truly egregious case" of misconduct such that it merits awarding the Defendants' fees. The Plaintiffs say they were treated in a markedly hostile manner. While the Court found the treatment did not legally rise to that level, the Court did not find their claim wholly without merit or foundation. As such, the Defendants are not entitled to fees. *Wayne,* 36 F.3d 517 at 530.

While the Court found for the Defendants on the O.R.C. §4112.021 claim, the Court does not find sufficient evidence that the Plaintiffs pursued this claim in bad faith. It was unclear whether the Defendants, a skip-tracing company and an employee, were creditors at the outset of this litigation. Once it became clear they were not, the Plaintiffs did not oppose this section of the summary judgment motion. Their actions do not show they acted in bad faith or were vexatious. As such, the Defendants are not entitled to attorney's fees. *See Sorin,* 46 Ohio St. 2d at 181.

Case No. 5:07-cv-579
Gwin, J.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** the Defendants' motion.

IT IS SO ORDERED.


Dated: December 12, 2007             s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE