UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| EMMA CAMPBELL, and | : | CASE NO. 5:07-CV-579 |
| TONYA GRAVES | : | |
| | : | JUDGE JAMES S. GWIN |
| | : | |
| Plaintiffs, | : | ORDER & OPINION |
| | : | [Resolving Doc. 355, 357] |
| vs. | : | |
| | : | |
| TRIAD FINANCIAL CORP., | : | |
| BROMBACKER & WILLIAMS | : | |
| ASSOCIATES, INC., and | : | |
| ASHLEY SHELL | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 4, 2007, the Defendant Triad moved for attorney's fees, pursuant to 28 U.S.C. § 1988 as the prevailing parties in the Plaintiffs' §1981 claim, and also moved for attorney's fees incurred in defending against the Plaintiffs' claim of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Ohio Consumer Sales Practices Act O.R.C. §§ 1345.01. The Defendant Triad also moved for costs, as the prevailing party, pursuant to Fed. R. Civ. P. 54(d). [Doc. 355]. On December 12, the Defendants' Brombacker & Williams and Shell moved for costs as the prevailing party, pursuant to Fed. R. Civ. P. 54(d). [Doc. 357]. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants' motions.

1

Case No. 5:07-cv-579
Gwin, J.

## I. Background

On October 9, 2007, the Court granted in part the Defendant's motion for summary judgment. [Doc. 178]. With regard to Plaintiffs' claims under 42 U.S.C. § 1981, the Court found that Defendant Triad neither treated the Plaintiffs differently than similarly situated individuals outside the protected class nor did they treat the Plaintiffs in a markedly hostile manner. As such, the Plaintiffs could not make out a §1981 claim. *See Christian v. Wal-Mart Stores, Inc.,* 252 F.3d 862 (6th Cir. 2001).

The Court further granted summary judgment to the Defendant Triad on the Plaintiffs' claim alleging violations of the Fair Debt Collection Practices Act, 16 U.S.C. § 1692. To be liable under the act, the Defendant would have to be a debt collector. The Court found that as a creditor, the Defendant was not a debt collector. This entitled the Defendant to summary judgment as to this claim.

The Court also granted summary judgment to the Defendant Triad on the Plaintiffs' state-law claim alleging unlawful discriminatory practices in credit transactions, pursuant to O.R.C. § 1435.01. In giving judgment on this claim, the Court found the Plaintiffs failed to allege that the Defendant was a supplier within the meaning of the statute. As such, the Defendant were entitled to summary judgment on this claim.

With regard to the Plaintiffs' claims under the Fair Debt Collection Practices Act against Brombacker & Williams Associates, Inc. and Ashley Shell, the Court found that they operated a skip-trace company that sought to locate vehicles that served as collateral but did not seek to collect debts and were therefore not subject to that Act.

Case No. 5:07-cv-579
Gwin, J.

The Defendants prevailed on all remaining claims at trial, though the Defendant Triad did not receive the full amount of its counterclaim. [Doc. 351].

**II. Standard of Review**

A. Fees

1. § 1981 Claim

Ordinarily, courts do not award attorney fees to the prevailing party in most civil litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). There are certain statutes, however, that provide for the award of attorney fees to the prevailing party. For instance, a prevailing party in civil rights action pursuant to 42 U.S.C. §§ 1981 is entitled to attorney fees as part of costs at the discretion of the trial court. 42 U.S.C. § 1988(b).

An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). A district court may in its discretion award attorney fees to a prevailing defendant if it finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even if not brought in subjective bad faith. *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir.1994). A plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so. *Id.*

2. 15 U.S.C. § 1692, Fair Debt Collection Practices Act

Pursuant to 15 U.S.C. § 1692k,

[o]n a finding by the court that an action under this section was brought in bad

3

Case No. 5:07-cv-579
Gwin, J.

> faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

3. O.R.C. §1345.01 Claim

Ohio Revised Code § 1345.09(F)(1) provides that the prevailing party in a claim brought under the Ohio Consumer Sales Practices Act ("OCSPA") may recover its reasonable attorney's fees when

> The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith.

O.R.C. § 1345.09(F)(1). The Court will find a claim "groundless," for purposes of assessing attorney fees, "if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by credible evidence at trial." *Palmer v. Daniel Troth & Sons Builders, Inc.*, 1998 WL 255566, *5 (Franklin Cty., May 19, 1998). The Court must further find bad faith.

> "A lack of good faith is the equivalent of bad faith, and bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrong-doing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces the actual intent to mislead or deceive another."

*Slater v. Motorists Mutual Ins. Co.*, 174 Ohio St. 148, (1962) paragraph two of the syllabus.

B. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

4

Case No. 5:07-cv-579
Gwin, J.

otherwise directs... ." The prevailing party for purposes of determining which party is entitled to costs is the one "who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue." 20 Am. Jur. 2d "Costs" § 11.

### III. Analysis

A. Fees

The Court does not find this was a "truly egregious case" of misconduct such that it merits awarding the Defendant fees on the §1981 claim. The Plaintiffs say they were treated in a markedly hostile manner. While the Court found the treatment did not legally rise to that level, the Court did not find their claim wholly without merit or foundation. As such, the Defendant are not entitled to fees. *Wayne, 36 F.3d 517 at 530*.

The Court further does not find the Plaintiffs brought their Fair Debt Collection Practices Act claim in bad faith or for the purposes of harassment. At the outset of the case, the Plaintiffs had initially received a line of credit from Fred Martin Chevrolet. Once it became clear that the Defendant Triad had become the creditor via assignment of the contract from Fred Martin, the Plaintiffs did not oppose the Defendant's motion for summary judgment on this claim. These are not actions that demonstrate bad faith or a purpose to harass, as is necessary to award fees. 15 U.S.C. § 1692k.

While the Court found for the Defendant on the O.R.C. §1345.01 claim, the Court does not find sufficient evidence that the Plaintiffs pursued this claim in bad faith. Once it was clear that the Defendant was not a supplier within the meaning of the statute, the Plaintiffs did not oppose their summary judgment motion on this issue. Their actions do not show they acted in

5

Case No. 5:07-cv-579
Gwin, J.

bad faith or were dishonest in their purpose. As such, the Defendant is not entitled to attorney's fees on this claim. *See Slater,* 174 Ohio St. at paragraph 2 of the syllabus.

B. Costs

Defendants Triad, Brombacker & Williams, and Shell are the prevailing parties in this case. All of the defendants prevailed on all claims against them. Defendant Triad, however, did not fully prevail on its counterclaim. The Plaintiffs argue that, therefore, the Defendant Triad is not a prevailing party. Specifically, Triad counter-claimed for $18,690.22 and received a jury verdict of $3500 as against both Plaintiffs. The Court finds, however, that the Defendant Triad prevailed on the merits of the main issue, entitling it to costs. *See* 20 Am. Jur. 2d "Costs" § 11.

1. Defendant Triad

After an examination of the Defendant Triads's bill of costs, the Court finds it appropriate to award all costs claimed by the Defendant Triad. To be compensable, a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Each of the items in the Defendant's bill fall within these categories and the costs were necessary. 28 U.S.C. § 1920; *see also Cefalu v. Village of Elk Grove*, 211 F.3d 416 (7th Cir. 2000).

2. Defendants Bromacker & Williams and Shell

The Court finds that each of the expenses claimed by the Defendants Bromacker & Williams and shell fall into the statutorily authorized categories of costs. *Crawford Fitting*, 482 U.S. at 441-42. The Court finds, however, that Defendants' Brombacker & Williams and Shell ask for some costs relating to exemplification that are unreasonable and extravagant. *See* 10

Case No. 5:07-cv-579
Gwin, J.

Moore's Federal Practice - Civil § 54.103 ("Recoverable "exemplification" costs also may include the expense of a computerized, multi-media system employed to present exhibits to the jury, if that system is reasonably necessary for the presentation of information (as opposed to an extravagance or a mere convenience).")

At trial the Defendants used two exhibits–one multi-media and one large graphic that were not reasonably necessary for the presentation of information. The large graphic was a time line, 220" x 40", that was only marginally helpful to setting out the defendants arguments. The Defendants had the same time line, from a computer that displayed on all screens in the courtroom, including on the jury screens. This electronic version of the time line was reasonably necessary to present the information, but a large several foot-long cardboard demonstrative was not.[1] As such, the Plaintiffs do not have to pay for this demonstrative, itemized at $845.00. [Doc. 356, Ex. 5].

The animation used in closing argument looked like a conveyor-belt with a moving graphic that exemplified all the phone calls the Plaintiffs kept receiving, and illustrated the Plaintiffs could have stopped the calls at any time simply by telling the Defendants the car's location.[2] The Court considers "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed." Cefalu, 221 F.3d at 429. In this case, the graphic was important for Defendant Brombacker's argument. The

---

[1] As the Court finds the graphic time line was reasonably necessary, the Court will find the $1,200 in costs for layout was also reasonably necessary. *Celafu,* 221 F.3d at 427 (ordinarily, the Court will also award preparation costs).

[2] It was rather hokey.

7

Case No. 5:07-cv-579
Gwin, J.

graphic help demonstrate their point that the calls would have stopped if the Plaintiffs told them the location of the car in their opening statement, and they did not employ this animation. ~~It~~ However, this graphic was not reasonably necessary to present the information, but a was tool to aid their argument and the Defendants are not entitled to reimbursements of the costs of its creation. *See Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1375-1378 (Fed. Cir. 2006) ("[A] video exhibit . . . may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses.") As such, the Plaintiffs are not liable for this demonstrative, itemized at $2,950.00. [Doc. 356, Ex. 5].

The Court finds that the Defendants Brombacker & Williams and Shell's use of an in-court technician was reasonable and necessary as a fee "for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Therefore, the Defendants' expenses relating to the technicians time are properly awarded as fees relating to the "exemplification and copy of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Plaintiffs do have to pay for this, itemized at $4,061.25. [Doc. 356, Ex. 5].

Finally, the Court finds the costs relating to the regular and the videotaped depositions of Plaintiffs are not improper. The Plaintiffs failed to object to the method of recording at the time the deposition was taken under Fed. R. Civ. Pro. 26(c). As such, it is proper to tax the costs of both the video and transcripts against the Plaintiffs. *See, e.g., Morrison v. Reichhold Chems.*, 97 F.3d 460 , 465 (11th Cir. 1996).

### IV. Conclusion

Case No. 5:07-cv-579
Gwin, J.

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motions. The Plaintiffs are directed to pay the Defendant Triad's costs totaling $8,040.03, and the Defendants Brombacker & Williams and Shell's costs, excepting the multi-media display, the large demonstrative, and the technical support fees, that this Court calculates to be $19,553.60 (adjusting the sales tax accordingly).

IT IS SO ORDERED.


Dated: December 21, 2007            s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE